```
                                              FILED
                                        KENNETH J. MURPHY
                                             CLERK

                                        03 OCT 17 PM 2:25

              UNITED STATES DISTRICT COURT
                                           ...T COURT
              SOUTHERN DISTRICT OF OHIO ....... DIST OHIO
                                        WEST DIV CINCINNATI
                    WESTERN DIVISION
```

| | |
|---|---|
| John Lamar Barnes, #336-955, | : Case No.: Case No.C-1-02-101 |
|     Plaintiff, | : |
| | : JUDGE SPIEGEL; |
| vs. | : MAGISTRATE JUDGE: SHERMAN |
| | : |
| Matthew Thomas, et al., | : |
| | : PLAINTIFF'S RESPONSE TO |
|     Defendant | : DEFENDANT'S REPLY |

TO THE CLERK:

Enclosed please find three(3) copies of Plaintiff's Response to Defendant's Reply in regards to the above captioned case. Also, enclosed you will find a copy of the Inmate audiotape of the Use of Force Hearing, pertaining to case at bar.

                                      Sincerely,

                                    */s/ John L. Barnes*

                                    John L. Barnes, #336-955
                                    P.O. Box 120
                                    Lebanon, Ohio 45036-0120

                                    Plaintiff, PRO SE

**Encl:** **Copies(4)  Case No.C-1-02-101**
         **Audiotape (Inmate Use of Force Hearing)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Lamar Barnes, #336-955, | : Case No.: Case No.C-1-02-101 |
| Plaintiff, | : |
| vs. | : JUDGE SPIEGEL |
| | : MAGISTRATE JUDGE: SHERMAN |
| Matthew Thomas, et al., | : PLAINTIFF'S RESPONSE TO |
| | : DEFENDANT'S REPLY |
| Defendant | : |

Now comes, John Lamar Barnes, #336-955, Plaintiff responding to the Defendant's Reply. The Plaintiff at the time of filing his claim, he did not have any documents to support his claim until after the facts. At which time, was when the Plaintiff filed his Memorandum In Response to the Defendant's Motion For Summary Judgment, Plaintiff at that time provided documents/materials supporting his claim of Excessive Use of Force/Assault.

The Defendant's stated in part: "raised three issues to which Plaintiff has not responded: (1) An inmate who is being escorted and not resisting does not have to be touched at all. (2) There was no need to enter the cage and pull him up. Since the Plaintiff was able to walk out and did so willingly (3) Any activity occurring in the cage would have been easily viewed by the officers in the glass enclosed booth directly next to the cage." (Unquote)

On the contrary to the statement made in 1 & 2, in which, Plaintiff responded to statement 1 & 2 in his response. In regards to statement 3, the Plaintiff does not deny the fact that this incident of Excessive Use of Force/Assault could be observed, but unfortunately the staff member/correction officers have a code of silence, which, means that they outright **LIE** to cover up for each other. Therefore, no Use of Force Report (incident report) was done by the defendant or any other staff members. The Plaintiff asserts that the surveillance videotape in corridor #3 & #4 will prove the Plaintiff's case, furthermore, the fact that Paul Dunn was on the Plaintiff's Use of Force committee as they have stated that he wasn't. The Plaintiff is in possession of a copy of the audiotape of the use of force hearing committee. The Use of Force hearing audio tape clearly states in part: "I'm Sue Carol Lehman, Chairman and to my right is Paul Dunn, member and Sgt. Frownie, member" also states in part: "Do anyone on the committee have any question, Mr. Dunn do you have any questions, (Mr. Dunn) A: No. Sgt.Frownie do you have any questions (Sgt. Frownie) A: No. The Plaintiff states in part (audio tape): "I really don't feel that Mr. Dunn should be a part of this Use of Force Committee simply because, I had brung this situation to his office on that day prior to the incident that occurred, he didn't wont to hear, he didn't wont no parts of it and I find it gone for him to be sitting here on this Committee, I just like to make that

statement known". See Exhibit A: (c)Use of Force Hearing Audio-Tape, Plaintiff's Use of Force Hearing in his interrogatories, question(s) #14 & #16 in the case at bar, the defendant Paul Dunn, even though giving contradicting answers pertaining to being a member of the Plaintiff's Use of Force hearing, the defendant, Paul Dunn with giving contradicting answers pertaining to being on the Plaintiff's Use of Force Hearing, the defendant, Paul Dunn, is in clear violation of R.C. 2921.11(A) No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement fact are made by the offender under oath or affirmation and within the period of statute of limitations for perjury, it is not necessary for the prosecution to prove which statement was false, but only that one or the other was false. (F)Whoever violates this section is guilty of perjury, a felony of the third degree.

    The defendant states in their reply, that the Plaintiff was informed by the committee (PC) that inmates are not placed in PC over a concern with staff.

    On the contrary, according to the AR/DRC Policy 111-02 (v) states in part: "any inmate who faces a significant, verified risk of harm from a 'SPECIFIC PERSON' another inmate or group of inmates". Specific person means in general and that would include staff or correction officers.

The defendant states in their Reply that the Plaintiff had no bruise until four days later as they cite Mona Parks affidavit. In Plaintiff's Medical Exam Report (Pl. Ex. B) dated September 6, 2001 @ 5:30a.m., M. Lilly RN BSN objective physical findings, clearly states in part: "Area above left wrist swollen" (Diagram of injury included). M.Lilly also referred the Plaintiff to the Physician and order X-ray. In which, **did not occur** four (4) days after the excessive Use of Force/Assault inflicted upon him, as the defendant claims.

It was not until a few months later when the Plaintiff was given an EMG and other tests in which concluded that the Plaintiff suffered permanent nerve damage leaving the Plaintiff with less than 50% chance of recovery.

The Use of Force Committee findings states in part: "while the Medical report does show some swelling of the inmates wrist it is POSSIBLE for this to happen during a long escort from K-side to J-side." With that being said by them and Paul Dunn being one of the Use of Force Committee members with his signature on the report (decision), the injury that the Plaintiff suffered, it is more than unlikely for the Plaintiff's injuries to occur from more than just handcuffs alone.

The defendant, Matthew Thomas, et al., has failed to show reasoning their request for dismissal of Plaintiff claims.

## CONCLUSION

The only solution/remedy to gain the answers to all uncertainties and settle any disputes in the above style case, the

4

Plaintiff moves this Honorable Court to Grant the Plaintiff a scheduled trial date, so the this Honorable Court can hear the testimony of Dr. Daniel M. Clinchot, M.D., Dr. Cook, and M.Lilly RN BSN, in which, the Plaintiff would like to have subpoena, also for this Honorable Court to review the security video tape located in between corridors #3 & #4 where the Excessive Use of Force/Assault took place on the 5th day of September, 2001 due to the fact at this present time the security video tape is not tangible for the Plaintiff's review. The Plaintiff request of appointment of Counsel for representation at trial.

Respectfully submitted,

*John L. Barnes*

John Lamar Barnes
#336-955
Warren Correctional Inst.
PO Box 120
Lebanon, Ohio 45036-0120

PLAINTIFF, PRO SE

**CERTIFICATE OF SERVICE**

I hereby certify that a True Copy of the foregoing Plaintiff's Response to Defendant's Reply was sent to Marianne Pressman (0059512), Assistant Attorney General, Correctional Litigation Section at 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 via U.S. regular mail on this 14th day of October, 2003.

Respectfully submitted,

*John L. Barnes*

John Lamar Barnes
#336-955
Warren Correctional Inst.
PO Box 120
Lebanon, Ohio 45036-0120
PLAINTIFF, PRO SE