**CLERK OF COURTS**
**THIS MOTION IS CONCERNING**

FILED
JAMES BONINI
CLERK

2004 JAN 12 PM 3:45

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST DIV CINCINNATI

JOHN LAMAR BARNES #336-955
PLAINTIFF

vs.

MATTHEW THOMAS, ET AL
DEFENDANTS

CASE NO. C-1-02-101

1. MOTION FOR THE APPOINTMENT OF COUNSEL

2. AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

3. MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

4. (B)♦ Request for Appointment of Counsel to Attorneys

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, John Lamar Barnes to 1915, Requests this court to appoint counsel to represent him in this case for the following reasons:

1. The Plaintiff is unable to afford counsel.

2. The issues involved in this case are complex.

3. The Plaintiff, as an incarcerated inmate, has extremely limited access to the Law Library due to institution policy and/or scheduling.

4. The Plaintiff has virtually no knowledge of the Rules of Civil Procedures and the applicable Law.

Date: 1-5-2004

Name: John L. Barnes #336855

Address: P.O Box 120 W.C.I
Lebanon, Ohio. 45036

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

### STATEMENT OF THE CASE

This is a Civil Rights Case filed under Title 42 U.S.C. § 1983 by a State Prisoner and asserting claims for the unconstitutional misuse of force. And the denial of Due Process in subsequent disciplinary proceedings and the denial of medical care for injuries inflicted during the misuse of force. The Plaintiff seeks damages as to all claims and an injunction to ensue proper medical treatment.

### STATEMENT OF FACTS

The complaint alleges that Plaintiff was assaulted by one correctional sergeant, receiving a number of injuries including a swollen and bruised wrist, with weakness, numbness and nerve damage. Plaintiff was seen by Southern Ohio Correctional Facility's (S.O.C.F.) in house doctor and given pain medication and where Plaintiff was informed of possible Carpal Tunnel Syndrome. Plaintiff signed up for Nurse's sick call numerous times and was told to wait each time 4 to 5 weeks before seeing the doctor. Plaintiff sent an Informal Complaint to the Warden of S.O.C.F. concerning the matter of assault and received no response. Plaintiff then sent a grievance to the Institution Inspector who investigated the complaint and affirmed that a use of force committee was needed in this case and sent a recommendation to the Warden whom in turn agreed. Then Plaintiff sent an Appeal to the Chief Inspector whom also to the need of a use of force committee. Plaintiff requested in the form of a kite to the Warden of S.O.C.F. as to what action was taken against the correctional sergeant and was informed said Warden information will not be given to Plaintiff with any further explanation.

### ARGUMENT

In deciding whether to appoint counsel for an indigent litigant, the court should consider "The factual complexity of the case". The ability of the indigent to investigate the facts. The existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues, **Abdullah v Gunther**, 949 F.2d 1032, 1035 (8th Cir. 1991) [citation omitted], cert. Denied, 112 S.Ct. 1995 (1992). In addition, the courts have suggested that the most important factor is whether the case appears to have merit, **Cooper v A. Sargenti Co. Inc.**, 877 F.2d 170, 173 2d Cir. 1989). Each of those factors weigh in favor of appointing counsel in this case.

## FACTUAL COMPLEXITY

The Plaintiff alleges that one correctional sergeant physically abused him "20 minutes" after informing Plaintiff's Unit Manager of his fears and requesting Protective Custody (PC) concerning this very correctional sergeant. He also asserts that certain prison supervisors were on notice to the violent threatening verbal abuse of this correctional sergeant and done nothing about him, he challenges the denial of medical care after the incident. Finally, he claims denial of due process by the warden; the sheer number of claims and defendants makes this a factually complex case. In addition, one of the Plaintiff's claims involves the denial of medical care, it will probably be necessary to present a medical expert witness, as well as, cross examination medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the Appointment of Counsel, **Moore v County of McLean** 953 F.2d 1070, 1073 (7th Cir. 1992); **Tucker v Randall**, 948 F.2d 388, 392 (7th Cir. 1991).

## THE PLAINTIFF'S ABILITY TO INVESTIGATE

The Plaintiff while locked up in Punitive Segregation had no way nor ability to investigate the facts, for example, he is unable to identify, locate and interview the inmates who are housed in other facilities whom saw some or all of the misuse of force, he is in the same situation as the other inmates who have been transferred to different institutions, a factor several courts have cited in appointing counsel. **Tucker v Randall**, 948 F.2d 388, 391-92 (7th Cir. 1991); **Gatson v Coughlin**, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); **Armstrong v Snyder**, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition, this case will require considerable discovery concerning the identity of witnesses, the correctional sergeant reports and statements about the incident, the history of the correctional sergeant with prior records of misuse of force and the Plaintiff's medical history. See **Tucker v Dickey**, 613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985) [need for discovery supported appointment of counsel].

## CONFLICTING TESTIMONY

The Plaintiff's account of his assault by correctional sergeant is squarely in conflict with the statement of the correctional sergeant, this aspect of the case will be a credibility contest between the defendant and the Plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the Appointment of Counsel. **Gatson v Coughlin**, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).

## THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM

The Plaintiff is an indigent prisoner with no legal training, a factor to support the Appointment of Counsel, Whisenant v Yuam, 739 F.2d 160, 163 4th Cir 1984), in addition, he is confined to limited access to legal materials, Rayes v Johnson, 969 F.2d 700, 703-04 (8th Cir 1992) [citing lack of ready access to a law library as a factor supporting Appointment of Counsel].

## LEGAL COMPLEXITY

The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the Constitutional violations to be held liable. In addition, the Plaintiff has asked for a jury trial, which requires much greater legal skill than the Plaintiff has or can develop; See: Abdullah v Gunther, 949 F.2d 1032, 1036 (8th Cir. 1991) [citing jury demand as a factor supporting Appointment of Counsel), cert. Denied, 112 S.Ct 1995 (1992).

## MERIT OF THE CASE

The Plaintiff's allegations, if proved, clearly would establish a Constitutional Violation. The unprovoked and injurious assault alleged in the Complaint clearly states an Eighth Amendment violation, See Hudson v McMillian, 112 S.Ct 995, 1000 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed" which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners medical needs, Estelle v Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and failure to give a meaningful statement of reasons for the decision are all plain violations of Due Process, Ponte v Real, 471 U.S. 491, 497, 105 S. Ct 2192 (1985); Superintendent v Hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); Dyson v Kocik, 689 F.2d 466, 467-68 (3d Cir. 1982). On its' face, then, this is a meritorious case.

For the foregoing reasons, the Court should grant the Plaintiff's Motion and Appoint Counsel in this case.

_John L. Barnes_, 2004
John Lamar Barnes, #336-955
P.O. Box 120 WCI
Lebanon, Ohio 45036-0120

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Appoint Counsel was sent via U.S. regular mail to Assistant Attorney General Marianne Pressman, 441 Vine Street, 1600 Carew Tower located in Cincinnati, Ohio on this day 1-5- 2004.

                                                John L. Barnes #336-955
                                                John Lamar Barnes, Pro se
                                                P.O. Box 120 WCI
                                                Lebanon, Ohio 45036-0120