UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN LAMAR BARNES, #336-955, | : | CASE NO. C-1-02-101 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | JUDGE SPIEGEL |
| MATTHEW THOMAS, et al., | : | |
| | : | |

**DEFENDANT'S MOTION IN LIMINE TO LIMIT THE
TESTIMONY OF DR. CLINCHOT**

Now comes Defendant, by and through counsel, and moves the Court that Plaintiff's named witness Dr. Clinchot (1) Dr. Clinchot be considered a fact witness, not an expert witness and (2) Dr. Clinchot's testimony be confined to his treatment of Plaintiff. The attached memorandum supports this motion.

    Respectfully submitted,

    JIM PETRO (0022096)
    Attorney General

    /s/Scott M. Campbell
    SCOTT M. CAMPBELL (0071056)
    Assistant Attorney General
    Corrections Litigation Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215
    (614) 644-7233

    MARIANNE PRESSMAN (0059512)
    Assistant Attorney General
    Corrections Litigation Section
    1600 Carew Tower, 441 Vine Street
    Cincinnati, Ohio 45202-2809
    Telephone: (513) 852-3497

    Counsel for Defendant

**MEMORANDUM IN SUPPORT OF MOTION**

This case was set for trial on April 5, 2005. A final pretrial conference was held on January 25, 2005 and a final pretrial order was to be filed with the court on that date. Plaintiff's failed to submit a draft order. In a draft order submitted by Defendant's Paragraph E specifies that there will be no expert witnesses. On January 31, 2005 pursuant to this Court's requirement Plaintiff's counsel provided Defendant's counsel with his list of witnesses. Dr. Daniel M. Clinchot, M.D., is listed as a witness. Although Dr. Clinchot is listed as a witness, he is not listed as an expert witness. The synopsis of his testimony indicates that he "examined plaintiff and found injury". Four days prior to trial, Plaintiff's counsel sought and obtained a continuance of the trial date in order to be able to depose Dr. Clinchot. With less than 24 hours notice, the trial deposition was scheduled for April 5, 2005. On that date, Dr. Clinchot testified by video deposition.

During the video testimony, Plaintiff sought to have Dr. Clinchot testify as an expert witness. Defendant objected to this characterization and now seeks an order that excludes any reference that Dr. Clinchot be considered an expert witness and excludes any testimony by Dr. Clinchot outside the scope of his treatment of the Plaintiff.

Records indicate Dr. Clinchot treated Plaintiff on 3 occasions in 2002 and 2003. Plaintiff has listed Dr. Clinchot as a witness to testify, but has not listed Dr. Clinchot as an expert witness under Civ. R. 26.

Civ.R. 26(a)(2), setting forth the disclosure requirements for expert testimony, provides in part:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial

> to present evidence under *Rules 702, 703, or 705* of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.
>
> (C) . . . In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.  The parties shall supplement these disclosures when required under subdivision (e)(1).

Civ.R. 26(a)(2).

The Advisory Committee Notes to the 1993 amendments to Civ.R. 26 indicate, however, that no written report is required for treating doctors:

> The requirement of a written report in paragraph (2)(B) ... applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Pursuant to Civ.R. 37, "[a] party that without substantial justification fails to disclose information required by Civ.R. 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  Civ.R. 37(c)(1).

Thus, Civ.R. 26 requires the disclosure of *all* witnesses who are to give expert testimony under the Federal Rules of Evidence 90 days before the trial date or the date the case is to be ready for trial, but only requires an expert report for certain expert witnesses.  *Rogers v. The Detroit Edison Co.,* 328 F.Supp.2d 687, 690 (D.C. Mich. 2004); See also, *Parker v. Central Kansas Medical Center*, 178 F.Supp.2d 1205 (D.C. Kan.

2001), *aff'd*, 57 Fed.Appx. 401 (10th Cic. 2003) (Treating physician not listed as expert, could not testify as an expert, but could testify as to the care and treatment of the patient); *Tzoumis v. Tempel Steel Co.,* 168 F.Supp. 871 (D.C. Ill, 2001) (Employee's treating physicians, who were not disclosed as experts, could not testify as experts).

Plaintiff has not listed Dr. Clinchot as an expert in this case under Civ.R. 26. Thus, Dr. Clinchot should not testify as an expert or provide testimony outside the scope of treatment of Plaintiff. Plaintiff should not be permitted to refer to Dr. Clinchot as an expert witness or ask him questions outside the scope of treating Plaintiff.

        Respectfully submitted,

        JIM PETRO (0022096)
        Attorney General

        /s/Scott M. Campbell
        SCOTT M. CAMPBELL (0071056)
        Assistant Attorney General
        Corrections Litigation Section
        150 East Gay Street, 16th Floor
        Columbus, Ohio 43215
        (614) 644-7233

        MARIANNE PRESSMAN (0059512)
        Assistant Attorney General
        Corrections Litigation Section
        1600 Carew Tower, 441 Vine Street
        Cincinnati, Ohio 45202-2809
        Telephone: (513) 852-3497

        Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing **DEFENDANT'S MOTION IN LIMINE TO LIMIT THE TESTIMONY OF DR. CLINCHOT** was filed electronically on May 13th, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Scott M. Campbell
SCOTT M. CAMPBELL
Assistant Attorney General