UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN LAMAR BARNES, #336-955, | : | CASE NO. C-1-02-101 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | JUDGE SPIEGEL |
| MATTHEW THOMAS, et al., | : | |
| | : | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY

Now comes Defendant, by and through counsel, and moves the Court for an order to exclude (1) any testimony by a witness or defendant of any other use of force investigation or use of force allegation; and (2) any testimony of disciplinary actions against any witness or the defendant. The attached memorandum supports this motion.

Respectfully submitted,

JIM PETRO (0022096)
Attorney General

/s/Scott M. Campbell
SCOTT M. CAMPBELL (0071056)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

MARIANNE PRESSMAN (0059512)
Assistant Attorney General
Corrections Litigation Section
1600 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202-2809
Telephone: (513) 852-3497

Counsel for Defendant

## MEMORANDUM IN SUPPORT OF MOTION

Defendant seeks to exclude any testimony by Defendant or any other witness of any use of force allegations against Defendant or witnesses that do not involve inmate Barnes and exclude any testimony of any disciplinary action against Defendant or any other witness. This evidence is not relevant to the issue of whether Defendant Thomas used excessive force against Plaintiff on September 5, 2001 and its probative value is outweighed by its prejudicial effect.

According to the Sixth Circuit, " * * * character evidence is usually excluded from civil trials * * *" *Hunt v. Broyles*, 1997 U.S. App. LEXIS 14514, at *4 (6th Cir. June 12, 1997) (attached as Exhibit A); *see also*, *Boykin v. Hamilton County Bd. of Educ.*, 869 F.2d 1488, (6th Cir. 1989). Specifically, the Sixth Circuit in *U.S. v. Boyland*, 1992 U.S. App. LEXIS 30596 (6th Cir. Nov. 12, 1992) (attached as Exhibit B), stated:

> Fed. R. Evid. 404(b) generally prohibits the introduction of evidence of other crimes, wrongs or acts to show a person acted in conformity with such behavior on a given occasion. Such evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed R. Evid. 404(b). The rule requires the court to consider whether the evidence is relevant to an issue for which it is admissible under the rule, and whether the probative value of the evidence is substantially outweighed by any undue prejudice.

*Id.* at *6; *see also*, *Hunt*, 1997 U.S. App. LEXIS, at *5; *Boykin*, 869 F.2d at 1488. The court further stated, " * * * in order to be relevant, the past behavior must be substantially similar to the conduct underlying the offense with which the defendant is now charged * * *." *Boyland*, 1992 U.S. App. LEXIS, at *8.

First, the testimony is not relevant under Fed. R. Evidence 401 and 402 and should be excluded. Any testimony regarding previous use of force allegations or investigations do not have bearing on the issue of whether excessive force was used against Plaintiff in this case. Any previous allegation by another inmate has no relevance to whether excessive force was used against Plaintiff. Plaintiff has made no allegations that Defendant Thomas has engaged in a pattern or practice of this type of behavior. Second, testimony of any disciplinary action against Defendant or any other witness is not relevant to this case. This testimony has no relevance to whether Defendant Thomas used excessive force against Plaintiff.

If the court determines that any of this testimony is relevant it should be excluded because its probative value is substantially outweighed by the unfair prejudicial value under Fed. R. Evidence 403. First, testimony of whether Defendant or any other witness has been accused of excessive force against another inmate would be highly prejudicial to Defendant. There is little, if any probative value to this testimony. The testimony would not tend to show that Defendant Thomas used excessive force in this case. This testimony would only serve to unfairly prejudice Defendant.

Next, the testimony of Defendant or any witness regarding any disciplinary action either alleged or taken against them should be excluded because its probative value is substantially outweighed by the unfair prejudicial value under Fed. R. Evidence 403. None of the witnesses have had any disciplinary action taken against them based on the facts of this case. Thus, any testimony regarding any disciplinary action taken against any of the witnesses would be highly prejudicial with no probative value.

Finally, the testimony would be improper character evidence. *Hunt*, at *4. This testimony is not proper under Fed. R. Evid. 404(b). The testimony would not have any relation to the issue in this case. See, *Boyland*, *8.

Defendants respectfully request that this Court grant their motion in limine by defendant or any other witness of any use of force allegations against defendant or witnesses that do not involve inmate Barnes and exclude any testimony of any disciplinary action against defendant or any other witness.

        Respectfully submitted,

        JIM PETRO (0022096)
        Attorney General

        /s/Scott M. Campbell
        SCOTT M. CAMPBELL (0071056)
        Assistant Attorney General
        Corrections Litigation Section
        150 East Gay Street, 16th Floor
        Columbus, Ohio 43215
        (614) 644-7233

        MARIANNE PRESSMAN (0059512)
        Assistant Attorney General
        Corrections Litigation Section
        1600 Carew Tower, 441 Vine Street
        Cincinnati, Ohio 45202-2809
        Telephone: (513) 852-3497

        Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY** was filed electronically on May 13th, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/Scott M. Campbell
        SCOTT M. CAMPBELL
        Assistant Attorney General