GAROLD HUNT, Plaintiff-Appellant, v. DENNY BROYLES, ClintonPolice Department; JAMES FRASER, Clinton Police Department,Defendants-Appellees.

No. 96-5485

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1997 U.S. App. LEXIS 14514

June 12, 1997, FILED

NOTICE:

[*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

SUBSEQUENT HISTORY: Reported in Table Case Format at: *114 F.3d 1187, 1997 U.S. App. LEXIS 19513.*

PRIOR HISTORY: Western District of Kentucky. 95-00223. Johnstone. 2-22-96.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff individual proceeding pro se appealed from a judgment of the United States District Court for the Western District of Kentucky, which dismissed the lawsuit. The individual had sued defendants, two police officers, alleging that they had violated his Fourth and Fourteenth Amendment rights when they used excessive force during his arrest, falsely arrested him for various offenses, and falsely prosecuted him for charged offenses.

OVERVIEW: The court affirmed the judgment of the trial court which had dismissed the individual's lawsuit after a jury returned a verdict in favor of the police officers. The court found that the individual had failed to meet his burden of proof regarding a violation of the fair-cross-section of the jury requirement. Although the individual had established that no African-Americans served on the jury, he had presented no evidence to meet the remaining two prongs of the requirement. Specifically, he had not shown that the representation of African Americans in venires from which juries were selected was not fair and reasonable in relation to the number of such persons in the community; and the underrepresentation was due to systematic exclusion of the group in the jury selection process. The court also concluded that the jury properly rendered its verdict that the police officers did not use excessive force against the individual. A review of the trial transcript revealed ample evidence to support the jury's verdict. The district court did not abuse its discretion when it admitted the individual's prior criminal record. The scope of the individual's cross examination was properly limited.

OUTCOME: The court affirmed the judgment of the trial court in favor of the police officers.

LexisNexis(R) Headnotes

Criminal Law & Procedure: Juries & Jurors: Challenges to Jury Venire: Fair Cross-Section Challenges
[HN1] The appellate court reviews de novo whether a plaintiff was denied his right to a jury selected from a cross-section of the community.

Civil Procedure: Jury Trials: Jury Selection
[HN2] In order to establish a prima facie violation of the fair-cross-section requirement, a party must show that: the group alleged to be excluded is a distinctive group in the community; the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and the underrepresentation is due to systematic exclusion of the group in the jury selection process.

Civil Procedure: Jury Trials: Province of Court & Jury
[HN3] When presented with conflicting evidence, credibility determinations are properly left for the jury.

Evidence: Relevance: Character Evidence



[HN4] While character evidence is usually excluded from civil trials, evidence of other acts may be admitted under Fed. R. Evid. 404(b) to prove intent, subject to the limitation of Fed. R. Evid. 403 to exclude evidence if the danger of its undue prejudice would outweigh its relevance.

COUNSEL: GAROLD HUNT, Plaintiff - Appellant, Pro se, Clinton, KY.

For DENNY BROYLES, Clinton Police Department, Defendant - Appellee: Michael D. Hallyburton, Madisonville, KY. For JAMES FRASER, Clinton Police Department, Defendant - Appellee: Michael D. Hallyburton, (See above).

JUDGES: Before: KEITH, KENNEDY, and MOORE, Circuit Judges.

OPINION: ORDER Garold Hunt, proceeding pro se, appeals a district court judgment dismissing his civil rights suit filed pursuant to *42 U.S.C. §§ 1983* and *1988*. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*. Seeking monetary relief, Hunt sued two Kentucky police officers (Broyles and Fraser) in their individual[*2] and official capacities. He alleged that the defendants violated his Fourth and Fourteenth Amendment rights when they used excessive force during his arrest, falsely arrested him for various offenses, and falsely prosecuted him for the charged offenses; Hunt was acquitted of the charges. The district court dismissed the instant lawsuit after a jury returned a verdict in favor of the defendants. On appeal, Hunt argues that: 1) he received an unfair trial because no African-American sat on the jury; 2) the jury verdict was against the weight of the evidence; 3) the trial court erred when it admitted Hunt's criminal record into evidence; and 4) the trial court erred when it improperly limited the scope of Hunt's cross-examination of Broyles. Upon review, we conclude that the jury selection process did not render Hunt's trial unfair. [HN1] We review de novo whether Hunt was denied his right to a jury selected from a cross-section of the community. See *Pullman-Standard v. Swint, 456 U.S. 273, 287-88, 72 L. Ed. 2d 66, 102 S. Ct. 1781 (1982)*. [HN2] In order to establish a prima facie violation of the fair-cross-section requirement, a party must show that: 1) the group alleged to be excluded is a distinctive[*3] group in the community; 2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) the underrepresentation is due to systematic exclusion of the group in the jury selection process. *Duren v. Missouri, 439 U.S. 357, 367-68, 58 L. Ed. 2d 579, 99 S. Ct. 664 (1979)*. Hunt has not met this burden. Although Hunt has established that no African-Americans served on the jury, he has presented no evidence to meet the remaining two prongs. Hunt has presented no data regarding whether the percentage of African-Americans in the jury pool was fair and reasonable in relation to the actual percentage of such persons in the community. See *Ford v. Seabold, 841 F.2d 677, 683-84 (6th Cir.), cert. denied, 488 U.S. 928, 102 L. Ed. 2d 334, 109 S. Ct. 315 (1988)*. In addition, Hunt has pointed to nothing in the selection process which establishes that the alleged underrepresentation of African-Americans was due to the system itself. We also conclude that the jury properly rendered its verdict that the defendants did not use excessive force against Hunt. See *Coal Resources, Inc. v. Gulf & Western Indus., [*4] 954 F.2d 1263, 1266 (6th Cir. 1992)* (per curiam). A review of the trial transcript reveals ample evidence to support the jury's verdict. [HN3] When presented with conflicting evidence, credibility determinations are properly left for the jury. *Wells v. New Cherokee Corp., 58 F.3d 233, 237 (6th Cir. 1995)*. The plaintiff and defendants presented highly different versions of what happened on the night in question. In finding for the defendants, the jury properly determined that the defendants' version of the facts was more credible. The district court did not abuse its discretion when it admitted Hunt's prior criminal record. See *In re Air Crash Disaster, 86 F.3d 498, 526 (6th Cir. 1996)*. The record clearly reflects that, in response to his own counsel's questions, Hunt testified that he had used drugs in the past and that he had been convicted of a felony. Since Hunt introduced the evidence into the record, his claim is frivolous. Finally, the district court did not abuse its discretion when it limited the scope of Hunt's cross-examination of Broyles. See *id.* [HN4] While character evidence is usually excluded from civil trials, evidence of other acts may be admitted under *Fed. R. Evid. 404(b)* to prove[*5] intent, subject to the limitation of *Fed. R. Evid. 403* to exclude evidence if the danger of its undue prejudice would outweigh its relevance. *Hammann v. Hartford Accident and Indem., 620 F.2d 588, 589 (6th Cir. 1980)*. The record clearly reflects that the district court permitted Hunt to cross-examine Broyles concerning the circumstances of his departure from another police department. Specifically, Hunt cross-examined Broyles concerning his supervisor's recommendation to terminate Broyles because of a prior incident involving an African-American citizen, and because of several other incidents involving policy and procedure violations. Hence, Hunt sufficiently placed Broyles's prior work record before the jury. Hunt has presented nothing to indicate that the evidence he wanted to introduce was probative of a relevant fact other than Broyles's character or propensity to commit bad acts. Accordingly, we hereby affirm the jury's verdict in favor

of the defendants. Rule 9(b)(3), Rules of the Sixth Circuit.