# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN LAMAR BARNES, #336-955,    :    Case No. C-1-02-101

              Plaintiff,    :

v.    :

                                       Judge Spiegel

MATTHEW THOMAS    :

              Defendant.    :

---

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

---

Respectfully submitted,

JIM PETRO
Attorney General of Ohio

s/ Marianne Pressman
MARIANNE PRESSMAN (0059512)
Assistant Attorney General
Trial Attorney for Defendants
Corrections Section
1600 Carew Tower, 441 Vine Street
Cincinnati, Ohio  45202
(513) 852-3497

SCOTT M. CAMPBELL (0071056)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

Counsel for Defendant

## FUNCTION OF THE JURY

**MEMBERS OF THE JURY**:  You have heard the evidence and the arguments of counsel.  It is now my duty to instruct you on the law which applies to this case.

The Judge and the jury have separate functions.  You decide the disputed facts, and the Judge provides the instructions of law.  It is your sworn duty to accept these instructions and to apply the law as it is given to you.

You must not be concerned with the wisdom of any rule of law.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence admitted in the case.

You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the plaintiff is a prisoner and the defendant is a state employee must not enter into or affect your verdict.  This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.  Sympathy for a party, or prejudice against a party, should play no part in your deliberations or in your decision.

2

## THE PARTIES

The plaintiff in this action is John Lamar Barnes, an inmate incarcerated at the Warren Correctional Institution and formerly incarcerated at the Southern Ohio Correctional Facility. The defendant in this action is Matthew Thomas, a Corrections Officer employed at the Southern Ohio Correctional Facility.

## **GENERAL ALLEGATIONS**

The plaintiff in this case, John Lamar Barnes, brings this action against one defendant:  Matthew Thomas, a Corrections Officer at SOCF.

Plaintiff alleges that on September 5, 2001, defendant Thomas violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when he used excessive force against him.  The defendant Thomas denies he used excessive force against plaintiff.

**BURDEN OF PROOF**

Lawsuits such as this are begun by the filing of a complaint. The person who files is known as the plaintiff. A plaintiff must prove all claims by a preponderance of the evidence. If this is not done, then you should find for the defendant. This obligation is known as "the burden of proof".

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it and because it is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the evidence, the party who has the burden on proof has not established such issue by a preponderance of the evidence. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received as evidence, regardless of who may have produced them.

This rule of law does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of the evidence, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

## EVIDENCE

Evidence is the testimony of witnesses, the exhibits, which you will have with you in the jury room regardless of who may have produced them, and the facts which have been admitted or stipulated to by the parties.

The evidence does not include any exhibits, which have not been given to you in the jury room, the opening statements or the closing arguments of counsel. The opening statements and closing arguments of counsel and any exhibits used for demonstrative purposes are designed to assist you. They are not evidence.

Statements or answers which were stricken by the Court or which you were instructed to disregard are not evidence and must be treated as though you never heard them. Likewise, anything you may have perceived outside the courtroom is not evidence.

You must not speculate as to why the Court sustained an objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. It is the duty of the attorneys on both sides to make their objections and to protect the interest of their clients; you are not to infer in any manner that either side was attempting to withhold any evidence from you as a result of objecting to the evidence, whether it was subsequently admitted by the Court or subsequently ruled inadmissible.

You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. If a question is asked of a witness which contains an assertion of fact, you may not consider the assertion of fact as evidence of

7

that fact unless adopted or confirmed by the witness.  The assertion of facts made by a nonwitness, are not evidence.

The questions may be considered, however, to the extent that they give meaning to the answers of the witness.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.

Direct Evidence is testimony given by a witness who has personal knowledge of the facts to which he or she testifies.

Circumstantial Evidence is the proof of facts or circumstances by direct evidence from which you may reasonable infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact, which you may but are not required to make from other facts, which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

You may not build an inference from another inference, which is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so. Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the greater weight of the legal evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of the evidence in the case, both direct and circumstantial.

## LIMITED PURPOSE EVIDENCE

You have heard reports of plaintiff's numerous rules violations over a short period of time while plaintiff was incarcerated at the Southern Ohio Correctional Facility.  You have also heard that on several occasions he sought protective custody.  This evidence and the testimony thereon were admitted for a limited purpose only, that is, to show defendant Thomas's previous knowledge of plaintiff's acts over the period of time and the effect thereof, if any, on the extent of force used by him on plaintiff.  It was also used to show plaintiff's state of mind during that period of time.  This evidence was not admitted to show that plaintiff acted in accordance with past behavior and it may not be used by you for that purpose.

## CREDIBILITY OF WITNESSES

In your effort to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness.  You must determine how credible or believable any witness is.  You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified. Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance of the witness while on the witness stand.  Consider also any relationship that a witness may bear to either side of the case, their reasons for testifying, any interest they may have in the outcome of the case, any prejudice or bias they may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality they may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony is supported or contradicted by the exhibits admitted into evidence and or other evidence in this case.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony.  In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance.  Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that on individual rarely, if ever, describes the same incident twice in the same minute detail.

In your daily life, you are constantly determining who is worthy of belief and who is not.  In this case, employ the same tests in determining who is worthy of belief and who is not.  Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that a witness has been discredited as to a part of their testimony, you may give the balance of the testimony such credence, if any, that you believe it deserves.

## **TESTIMONY OF CERTAIN WITNESSES**

You are instructed that the testimony of a law enforcement officer, a correctional officer or an inmate in a correctional facility should be considered in the same way as the testimony of any other witness. Such testimony should be given no weight different from any other witness simply because of his or her status.

## <u>USE OF DEPOSITIONS AS EVIDENCE</u>

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason is not present to testify from the witness stand was presented under oath by videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority:

3 K. O'Malley, J. Grenig, and Hon. W. Lee, <u>Federal Jury Practice and Instructions</u> §105.02 (2000).

## PRIOR CONVICTIONS

You have heard during the course of this trial that plaintiff and his witness have been convicted of crimes. The convictions may only be used as one way of helping you decide how believable their testimony is. Do not use it for any other purpose. It is not evidence of anything else other than assessing credibility.

## **EXHIBITS**

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in light of all the evidence.

## **42 U.S.C § 1983**

Title 42 U.S.C. § 1983, the Federal Civil Rights Law under which the plaintiff sues in this case, provides that a person may seek relief in this Court for damages against any person or persons who, under color of state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

An inmate incarcerated in a state penal institution is protected by the Eighth Amendment to the United States Constitution.  The Eighth Amendment to the Constitution prohibits "cruel and unusual punishment."  The plaintiff claims that the defendant violated his rights under the Eighth Amendment to the Constitution of the United States by subjecting him to cruel and unusual punishment. The defendant denies he violated the plaintiff's Eighth Amendment rights.

## **ESSENTIAL ELEMENTS**

In order to establish his claim for a violation of 42 U.S.C. § 1983, the plaintiff must prove by a preponderance of the evidence the following facts:

<u>First</u>, that defendant Thomas, while acting as a duly authorized prison official, subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by the use of excessive force upon plaintiff;

<u>Second</u>, that said defendant acted under color of state law; it is undisputed that the defendant was acting under color of state law with regard to the actions raised in this lawsuit; and

<u>Third</u>, that the excessive force of said defendant caused damage to plaintiff.

## **EIGHTH AMENDMENT**

The constitutional deprivation alleged by the Plaintiff is a deprivation of his Eighth

Amendment right not to be subjected to cruel and unusual punishment. The Eighth

Amendment to the United States Constitution provides:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

## <u>"CRUEL AND UNUSUAL PUNISHMENT" DEFINED</u>

The Eighth Amendment's proscription against cruel and unusual punishment "manifests an intention to limit the power of those entrusted with the criminal law function of government.[1]

However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny..."[2]  After an individual is incarcerated, "only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by the Eighth Amendment."[3]  Under this standard, more than ordinary lack of care for the prisoner's interests or safety is required.  Negligent conduct on the part of prison officials will not expose them to liability under the Eighth Amendment.[4]  "It is obduracy [or hardheartedness] and wantonness [or malice], not inadvertence or error in good faith that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause..."[5].

---

[1]    *Ingraham v. Wright*, 430 U.S. 651 (1977).

[2]    *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

[3]    *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1986)).

[4]    *Whitley v. Albers*, 475 U.S. at 319.

[5]    *Whitley v. Albers*, 475 U.S. 312 (1986).

In this case, the Plaintiff claims that he was subjected to cruel and unusual punishment by being subjected to an excessive use of force.  Defendant denies he touched the Plaintiff.  Even if you should find force was used, not every "malevolent touch by a prison guard gives rise to a federal cause of action."[6]  "Not every push and shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."[7]  Only the "unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment."[8]  The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"[9]

The use of force by prison officials violates the Eighth Amendment only when it is administered "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline."[10]  Therefore you must determine whether the Defendant acted in a good faith or whether he acted maliciously and sadistically for the very purpose of causing harm.

---

[6]     *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

[7]     *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973).

[8]     *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

[9]     *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

[10]    *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

## EXCESSIVE FORCE CLAIM

The Eighth Amendment prohibition against of cruel and unusual punishment governs plaintiff's claim of excessive force.  Only the unnecessary and wanton infliction of pain upon an inmate in a penal institution constitutes cruel and unusual punishment forbidden by the Eighth Amendment.

In order to find for the plaintiff on this claim, you must first find that he has proven by a preponderance of the evidence that defendant Thomas used force against him. Then you must find by a preponderance of the evidence that the force used was excessive.  To show excessive force, plaintiff must prove that the force was applied maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline.  In determining the amount and necessity of force, you may consider:  the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a reasonable effort to maintain or restore discipline, or whether force was applied maliciously and sadistically for the very purpose of causing harm.

"Malicious" is defined as the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict harm and injury or under circumstances that the law will imply an evil intent.

"Wanton" means perverseness exhibited by deliberate and uncalled for conduct, which is disregardful of rights and an unjustifiable course of action, sadistic, with excessive cruelty.

"Sadism" means engaging in extreme or unusual cruelty and delighting in that cruelty.

"Pain" means more than momentary discomfort.  The fact that plaintiff may have experienced pain as the result of injury is not compensable if the amount force used under the circumstances was necessary.  If, however, the force used against the plaintiff to inflict pain was unnecessary and wantonly applied, the fact that he experienced pain as a result of his injuries is compensable.

The Eighth Amendment does not prohibit the use of reasonable and necessary force even though such force may result in injury where a prison security measure is undertaken.  A guard in a penal institution has a right and a duty to take all necessary precautions and to use force if necessary to maintain order and to defend himself.  He does not have the right to use more force than under the circumstances was reasonable necessary.

A serious or permanent injury is not a prerequisite to a claim under 42 U.S.C. § 1983.  In determining whether or not a constitutional violation has occurred, all the facts and circumstances surrounding the application of force must be scrutinized and weighed.  A prisoner alleging an Eighth Amendment violation need not prove that he suffered a serious physical injury.  Rather, he must demonstrate that the infliction of pain was unnecessary and wanton.

To determine whether the plaintiff has proven his claim of "cruel and unusual" punishment and should be compensated for his injuries, you shall consider the reason or motivation for the conduct of defendant Thomas and the type of force used, and whether it was excessive, taking into account the prison setting.

23

## DE MINIMIS USES OF FORCE

You are instructed that not every intrusion on a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation.  The maintenance of prison security and discipline often require that a prisoner be subjected to physical contact, which at common law would be actionable as an assault or battery.  De minimis injury resulting from such a use of physical force, provided that this is not of a sort repugnant to the conscience of mankind, is excluded from constitutional recognition under the Eighth Amendment.

## PROXIMATE  CAUSE

A party who seeks to recover for damages sustained must prove that those damages were proximately caused by the defendant's violation of the law.  Proximate cause is an act or failure to act which in the natural and continuous sequence directly produces the harm and without which it could not have occurred.  Cause occurs when the harm is the natural and foreseeable result of the act or failure to act.

## **ACTUAL OR COMPENSATORY DAMAGES**

If you find that the plaintiff was deprived of his constitutional right to be free from cruel and unusual punishment by the defendant, you may award money damages against the defendant to compensate plaintiff for the deprivation. These are known as actual or compensatory damages.

If you intend to award damages, you must award plaintiff such sum of money as you believe will fairly and justly compensate him for any actual injury you believed he sustained as a direct consequence of the conduct of the defendant.

In considering the amount of damages, if any, against the defendant to which plaintiff may be entitled, you may assess those damages that plaintiff has demonstrated by a preponderance of the evidence to be reasonable compensation for the injury and damage that plaintiff has sustained as a direct result of the excessive force of the defendant. Damages which are purely speculative cannot be recovered.

Compensatory damages are not restricted to actual loss of time, property or money; they cover both the mental and physical aspects of the injury -- tangible and intangible. They are an attempt to restore the person, that is, to make him whole or as he was immediately prior to his injuries.

The mere fact that I give you instructions on the law of damages does not in any way suggest that the Court believes that any damages are due in this case. Whether damages should be recovered is for you alone to decide.

## NOMINAL DAMGES

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages.

Nominal damages may be awarded when the plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation.   The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.   Therefore, if you find that the plaintiff has suffered no injury as a result of defendant's conduct other than the fact of a constitutional deprivation, you may award nominal damages which are generally $10.00 or less.

## PUNITIVE DAMAGES

If you award the plaintiff actual or compensatory damages or nominal damages then you may consider whether you will award punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant was motivated by evil motive or intent or that such actions involved reckless or callous indifference to the federally protected rights of others.  One acts with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.  The plaintiff has the burden of proving punitive damages by a preponderance of the evidence.

The amount, if any, you fix as punitive damages need bear no particular relationship to the amount you award as actual or compensatory damages.  You may fix such amount as you find in your sound judgment and discretion, based on all the facts before you, will serve to punish the defendant and deter others.  Any award should be fixed with calm discretion and sound reason, and must never be awarded or fixed in amount because of any sympathy, bias, passion or prejudice with respect to any party in this case.

## **UNANIMOUS VERDICT/ DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, but do not surrender your honest conviction s to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, your sole interest is to seek the truth from the evidence in the case.

## **ELECTION OF FOREPERSON**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.   The foreperson will preside over your deliberations, and will be your spokesperson here in Court.   A form of special verdict has been prepared for your convenience.  You will take this form to the jury room.

[Form of special verdict read]

You will note that some of the interrogatories or questions call for a "Yes" or "No" answer, and some of the questions call for a figure.  The answer to each question must be the unanimous answer of the jury.  Whether you answer some of the latter questions will depend on your answers to the former questions.   Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

Each juror must sign the special verdict so completed; the foreperson will date it and see that it is returned to the courtroom.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN LAMAR BARNES,                  :        Case No.   C1-02-101

    Plaintiff,                          :

v.                                  :        Judge Spiegel

MATTHEW THOMAS,                     :        SPECIAL INTERROGATORIES

    Defendant.                          :


We, the jury, unanimously find:

1)      Did plaintiff Barnes prove by a preponderance of the evidence that defendant Thomas, in the performance of his duties, used excessive force upon plaintiff in violation of plaintiff's constitutional right to be free from cruel and unusual punishment as defined in these instructions?


Yes  _____                            No  _____


31

2)      If you answered "Yes" to Question 1, did plaintiff Barnes prove by a

preponderance of the evidence that defendant's actions caused damages to plaintiff?


            Yes  _____                        No  _____


3)      If you answered "Yes" in Question 2, what, if any, actual or compensatory

damages did defendant cause?


                        $ _____

4)    If you answered "Yes" in Question 2, and "none" to Question 3, what, if
      any, nominal damages did defendant cause?


                              $_____


5)    As to defendant Thomas, what, if any, punitive damages are warranted?


                              $ _____

**JURORS' SIGNATURES**

_____    _____

_____    _____

_____    _____

_____    _____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendant's Proposed Jury Instructions* was filed electronically on May 19, 2005.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 s/ Marianne Pressman
MARIANNE PRESSMAN
Assistant Attorney General