IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JOHN LARMAR BARNES,

Case No. C-1-02-101

        Plaintiff.

Judge Spiegel

   -vs-


MATTHEW THOMAS,

      Defendant.


<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

     Plaintiff requests the Court to give the attached proposed jury instructions to the jury.

Plaintiff reserves the right to offer additional instructions after the evidence is submitted in the

case at bar.

               Respectfully submitted,


               /s/Derek A. Farmer
               Derek A. Farmer (0071654)
               Derek A. Farmer & Associates, Co., LPA
               630 Morrison Rd., Suite 160
               Columbus, Ohio 43230

               Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN LARMAR BARNES,

Case No. C-1-02-101

     Plaintiff.

Judge Spiegel

   -vs-

MATTHEW THOMAS,

     Defendant.

**<u>INDEX TO PROPOSED JURY INSTRUCTIONS</u>**

<u>PAGE</u>

2   Duty to Follow Instructions
3   Duty to be Fair to All Parties
4   Burden of Proof
5   Consideration of the Evidence
7   Direct and Circumstantial Evidence
8   Lawyers Objections
9   Credibility of Witnesses
10  All Person Equal Before the Law
11  Impeachment
12  Plaintiff's Statement of Claims
13  Excessive Force Defined
14  Effect of Instruction as to Damages
15  Compensatory Damages
16  Punitive Damages
17  Jury Deliberations
19  Experiments, Research, and Investigation
20  Requirement of Unanimous Verdict and Explanation of Verdict Form
22  Foreperson
23  Items to Go to Jury Room
24  Procedure when Verdict Reached
25  Final Instruction on How to Deliberate
26  Special Interrogatories
28  Certificate of Service

## DUTY TO FOLLOW INSTRUCTIONS

**MEMBERS OF THE JURY:**        You have two main duties as jurors.  The First one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

You second job is to take the law that I give you, apply it to the facts, and decide whether the Plaintiff has proven his case by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial and the instructions that I am now giving you.  All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence presented to you in this case.

2

## DUTY TO BE FAIR TO ALL PARTIES

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

**<u>Authority</u>**

Instructions of  Dlott, J., ***Bruder v. Walker****,* Case No. C-1-01-666

3

## BURDEN OF PROOF

This is a civil case.  In a civil case, the plaintiff has the burden of proving each element of his or her claims by a "preponderance of the evidence."  In this case, this means that the Plaintiff has to produce evidence which considered in light of all the facts presented, leads you to believe that it is more likely true than not that the Defendant violated the Plaintiff's rights.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposing it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  To put it differently, if you were to put the Plaintiff's and the Defendant's evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip somewhat on his side.  If the Plaintiff fails to meet this burden, then the verdict must be for the Defendant.  If the Plaintiff succeeds in meeting this burden, then the verdict must be for the Plaintiff.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received into evidence, regardless of who may have produced them.

<u>**Authority**</u>

Instructions of  Dlott, J., ***Bruder v. Walker***, Case No. C-1-01-666

4

## CONSIDERATION OF THE EVIDENCE

As I stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record and any facts to which all the lawyers have agreed or stipulated.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Also, during the course of the trial, I occasionally made comments to the lawyers, asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the question.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

In the final analysis, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you; and except from my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

During the trial, I did not let you hear answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.   You must completely ignore all these things.   Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.

5

These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

**Authority**

Instructions of  Dlott, J., ***Bruder v. Walker***, Case No. C-1-01-666

6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it snowing outside that would be direct evidence that it was snowing.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If before going to bed at night, someone looked out the window and did not see any snow, but woke in the morning and saw snow on the ground that would be circumstantial evidence that it snowed while that person was asleep.  Although that person could not provide direct evidence that they saw it snow, the circumstances showed that it snowed while they were asleep.

It is your job to decide how much weight to give direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one; nor does the law say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Authority**

Instructions of  Dlott, J., ***Bruder v. Walker****,* Case No. C-1-01-666

7

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  These rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  In the event that I sustained an objection and did not permit a witness to answer a question, you must not draw any inferences from that question or speculate on what the answer of the witness might have been.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

**<u>Authority</u>**

Instructions of  Dlott, J., ***Bruder v. Walker****,* Case No. C-1-01-666

8

## CREDIBILITY OF WITNESSES

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

The fact that a witness comes before you as a law enforcement officer, correctional officer or public official should not in the least change your attitude in this respect. Such testimony does not deserve either greater or lesser believability, simply because of the official status of the witness. Similarly, the fact that a witness is a prisoner does not automatically suggest that less weight be given to that testimony. Whether you do, or do not, believe any witness must depend upon how truthful you judge that witness to be after you have heard the testimony and formed your own conclusions as to the witness' believability.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

***Grimm v. Lane***, USDC, S.D. Ohio No. C-1-91-011 (Spiegel, J.)(given September 12, 1004).

9

**ALL PERSONS EQUAL BEFORE THE LAW**

The fact that the Plaintiff is a prisoner and the Defendant is a prison guard must not enter into or affect your verdict. The case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons; all persons, including prisoners and guards stand equal before the law, and are to be dealt with as equals in a court of justice.

**<u>AUTHORITY</u>**

Instruction from Rubin, J. No. 5010.12

10

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness had said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witnesses such credibility or weight, if any, as you may think it deserves.

**Authority**

***Coyne v. Ward***, et al., USDC, S.D. Ohio Civil No. C-1-77-463 (Spiegel, J.)

11

## PLAINTIFF'S STATEMENT OF CLAIMS

The Plaintiff in this case, John Barnes, claims that Defendant Michael Thomas, on September 5, 2001, used excessive force on him while Plaintiff was handcuffed from behind, took Plaintiff's left hand and twisted it to the left and then pulled it upwards at the same time applying pressure and much force that caused injury and pain to Plaintiff.  Plaintiff claims that Defendant's act deprived him of his Eighth Amendment right to be free of cruel and unusual punishment by using excessive force on him.  Defendant Thomas denies that he used any force on Plaintiff.

**Authority**

Instructions of  Dlott, J., ***Bruder v. Walker****,* Case No. C-1-01-666

12

## EXCESSIVE FORCE DEFINED

The Eighth Amendment to the United States Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The Plaintiff claims that he was subjected to excessive force or cruel and unusual punishment while incarcerated. The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments" upon prisoners and requires prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates. The Plaintiff need not show that he suffered a significant physical or mental injury.

To prevail on his Eighth Amendment claim, Plaintiff must prove, by a preponderance of the evidence, that Defendant Thomas applied force to him maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline. You should consider the following factors in making this determination:

(a) The need for the application of force;

(b) The relationship between the need and amount of force used;

(c) The extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of facts known to them; and

(d) Any efforts made to limit the amount of force.

Authorities

*Grimm v.Lane,* USDC, S.D. Ohio No. C-1-91-011 (Spiegel, J.)(given 9-12-1994)
*Whitley v. Albers*, 475 U.S. 312 (1986)
*Hudson v. McMillian*, 503 U.S. 1 (1992)
2 *Ohio Jury Instructions*, Deprivation of Rights, 42 U.S.C. 1983

13

### EFFECT OF INSTRUCTION AS TO DAMAGES

I will now instruct you as to the proper measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered, or to suggest that if you find for Plaintiff, you are required to award any damages at all.  Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

**<u>Authority</u>**

Instructions of  Dlott, J., ***Bruder v. Walker****,* Case No. C-1-01-666

.

14

## COMPENSATORY DAMAGES

If you find that the Plaintiff has prevailed on any of his claims, then you must determine by a preponderance of the evidence an amount of money that will reasonably compensate the Plaintiff for the actual injury caused by the conduct of the Defendant.

In awarding compensatory damages, you should consider the nature, character, seriousness, and duration of any emotional pain, suffering, inconvenience, and mental anguish that the Plaintiff may have experienced.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.

The damages that you award must be fair compensation – no more and no less.  In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You are not permitted to award speculative damages. This means you are not to include in any verdict compensation for prospective loss that, although possible, is wholly remote or left to conjecture or guess.  Damages are considered speculative when their existence is uncertain or when the proof is insufficient to enable you to make a fair and reasonable assessment of damages.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**Authority:**  Instructions of  Dlott, J., ***Bruder v. Walker***, Case No. C-1-01-666

15

## PUNITIVE DAMAGES

If you find that a Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages that he has proven.  You also may award punitive damages, if the Plaintiff has proved that the Defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others.  One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a Defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future.  The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages.

---------

1    Pattern Jury Instructions.  U.S. Fifth Circuit District Judges Association, No. 15.13.  1992 Edition.
*Grimm v. Lane*, USDC, S.D. Ohio No. C-1-91-011 (Spiegel, J.)(given September 12, 1994)
*Pacific Mutual Life Ins. Company v. Haslip*, 498 U.S. 1306, 111 S.Ct. 1032, 1037 n.1, 1044 (1991)
*Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir. 1992).  Deliberate indifference is sufficient to meet the standard for punitive damages.

## JURY DELIBERATIONS

It is your duty as jurors to confer with one another and to deliberate with a view to reaching an agreement, if you can do so without sacrificing your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.

However, do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges—impartial judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Do not take a firm position at the outset and then be too proud to change your position.

If it becomes necessary during your deliberations to communicate with the Court, you may send a written message through the Courtroom Deputy, signed by your foreperson or by one of the other jurors. No member of the jury should ever attempt to communicate with the Court other than by a signed writing. The Court will not communicate with you other than in writing or in open court, on the record, and with counsel present.

All court personnel are prohibited from talking to you about the merits of this case.

Should your deliberations extend to 4:30 p.m., the Courtroom Deputy will inquire whether you wish to continue to deliberate to a later hour. The purpose of the inquiry is to facilitate the scheduling of Court personnel. Do not give the Courtroom Deputy any indication of how your vote stands or provide any information other than the hour to which you wish to deliberate.

17

The jury deliberation room is a non-smoking area.  If any of you wishes to smoke during your deliberations, the jury must recess deliberations, and the juror who wishes to smoke must go to an area where smoking is permitted.

## EXPERIMENTS, RESEARCH, AND INVESTIGATION

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help your deliberations; do not conduct any independent research, reading, or investigation about the case; and do not visit any of the places that were mentioned during the trial.  Make your decision based only on the evidence admitted in this case.

## REQUIREMENT OF UNANIMOUS VERDICT
## AND EXPLANATION OF VERDICT FORM

Each of you has a copy of the instructions that I am now reading and attached to these instructions is a copy of the verdict form.  These will accompany you to the jury room.

The verdict form contains a series of questions called "interrogatories."  You must answer each of them in writing.  You must be unanimous as to the answer to each question.

Nothing that the Court has said in these instructions and nothing in the verdict form is intended to suggest or convey in any way the verdict that the Court thinks you should return. The verdict is the exclusive duty and responsibility of the jury.

After you have reached agreement, the jury foreperson should complete, sign, and date the verdict form.  After the foreperson signs and dates the form, each juror must also sign the verdict form.  To avoid confusion, you are instructed to fill in, date, and sign the copy of the verdict form contained in the brown notebook that I will give you when you leave to deliberate, rather than the verdict forms attached to your individual copies of these instructions.

Your verdict must represent the considered judgment of all jurors; in other words, it must be unanimous.  In order to return a verdict for Plaintiff or for Defendant with respect to any claim, it is necessary that all jurors agree with that verdict and indicate their agreement by signing the appropriate verdict form.

Once again, if, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the

20

note to the Courtroom Deputy who will bring it to my attention.  I will then respond as promptly

as possible, either in writing or by having you returned to the courtroom so that I can address you

orally.  I caution you, however, with regard to any message or question you might send, that you

should never state or specify your numerical division at the time.

21

## FOREPERSON

When you arrive in the jury room, your first order of business will be the selection of a foreperson to preside over your deliberations.

The foreperson acts as the chairperson of the meeting.  He or she must see to it that the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

**ITEMS TO GO TO JURY ROOM**

All of the exhibits that have been admitted into evidence will go to the jury room with you, together with a copy of these instructions and the verdict form.

## PROCEDURE WHEN VERDICT REACHED

When you have reached your verdict and have filled out, signed, and dated the verdict form, the foreperson of the jury shall notify the Courtroom Deputy that the jury has reached its verdict. Never reveal to anyone exactly how the jury stands, numerically or otherwise, until it comes time for you to return to court with a complete verdict.

## FINAL INSTRUCTION ON HOW TO DELIBERATE

You will now retire to the jury room to begin your deliberations.  Before you do, however, I would like to give you a few practical instructions regarding how you should conduct your deliberations.

As I stated previously, when you retire to the jury room, the first thing that you should do is to elect a foreperson.

All eight of you must be present in the jury room when you are deliberating.  You may take breaks whenever you want—for instance if someone would like to go downstairs to smoke a cigarette—but you must cease your deliberations until everyone has returned to the jury room.

If your deliberations extend beyond today, you should decide what time in the morning you wish to start your deliberations.  You may elect to start earlier in the morning if that is more convenient for you.  However, you should start no later than 9:00 a.m.  Remember, you cannot begin your deliberations each day until all eight of you have arrived.

As I informed you, you may deliberate beyond the hour of 4:30 p.m.  At that time the Courtroom Deputy will inquire whether you wish to continue to deliberate to a later hour.  When you are ready to leave for the day, you will come back into the courtroom, and I will give you our regular admonition.

 With that, I will send you back to the jury room to begin your deliberations.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JOHN LARMAR BARNES,

        Plaintiff.

      -vs-

MATTHEW THOMAS,

        Defendant.

Case No. C-1-02-101

Judge Spiegel


SPECIAL INTERROGATORIES

We, the jury, unanimously find:

1)     Did Plaintiff Barnes prove by a preponderance of the evidence that Defendant Thomas, in the performance of his duties, used excessive force upon plaintiff in violation of plaintiff's constitutional right to be free from cruel and unusual punishment as defined in these instructions?


Yes_____No_____


2)     If you answered "Yes" in Question 1, did plaintiff Barnes prove by a preponderance of evidence that defendant Thomas's excessive use of force caused damages to plaintiff?


Yes_____No_____

26

3)      If you answered "Yes" to Question 1 or 2, what if any, actual or compensatory damages did defendant cause?

$_____

4)      If you answered "Yes" to Question 1 or 2, what if any, puntitive damages should be awarded against Defendant?

$_____

5)       If you answered "Yes" to Question 1 or 2 and "none" to Questions 3 or 4, what, if any nominal damages did defendant cause.

$_____

**JURORS' SIGNATURES**

_____        _____

_____        _____

_____        _____

_____        _____

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically served on Marianne Pressman, Assistant Attorney General, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 this 22[th] day of May 2005.

s/Derek A. Farmer

Derek A. Farmer