UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN LAMAR BARNES,

       Plaintiff,

      vs.

MATTHEW THOMAS,

       Defendant.

No.  1:02-CV-00101

**<u>JURY INSTRUCTIONS</u>**

May 26, 2005

**TABLE OF CONTENTS**

                                                            Page

Introduction . . . . . . . . . . . . . . . . . . .        1

Duty to Follow Instructions  . . . . . . . . . . .        2

Consideration of the Evidence. . . . . . . . . . .        3

Direct and Circumstantial Evidence . . . . . . . .        5

Inferences . . . . . . . . . . . . . . . . . . . .        6

Credibility of Witnesses . . . . . . . . . . . . .        7

Impeachment  . . . . . . . . . . . . . . . . . . .        8

Exhibits . . . . . . . . . . . . . . . . . . . . .        9

Burden of Proof  . . . . . . . . . . . . . . . . .        10

Statement of Claim   . . . . . . . . . . . . . . .        11

Eighth Amendment Excessive Force . . . . . . . . .        12

Proximate Cause. . . . . . . . . . . . . . . . . .        14

Compensatory Damages . . . . . . . . . . . . . . .        15

Punitive Damages . . . . . . . . . . . . . . . . .        17

Damages - No Implication  . . . . . . . . . . . . .       19

Duty to Deliberate . . . . . . . . . . . . . . . .        20

Verdict Forms  . . . . . . . . . . . . . . . . . .        21

## **INTRODUCTION**

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

## DUTY TO FOLLOW INSTRUCTIONS

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favoritism toward a party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

2

## CONSIDERATION OF THE EVIDENCE

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Also, during the course of the trial, I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he responded to a question.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

In the final analysis it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you; and except for my instructions to you on the law, you should disregard anything I

3

may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## INFERENCES

You are to consider only the evidence in the case. But, in your consideration of the evidence of the case, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions that reason and common sense lead the jury to draw from facts that have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; and that the law has been obeyed.

## CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.  In weighing the testimony of a witness you should consider his or her relationship to the Plaintiff or to the Defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he testified; his or her candor, fairness, and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

7

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

8

## EXHIBITS

A number of exhibits and testimony related to them have been introduced. You will determine the weight, if any, the exhibits should receive in the light of all the legal evidence.

You may note that parts of some documents have not been introduced and are not part of the exhibits with you in the jury room. The parts of the documents that have been omitted are not relevant to your deliberations and are not legal evidence.

9

## BURDEN OF PROOF

This is a civil case.  In a civil case, the Plaintiff has the burden of proving her claims by a "preponderance of the evidence." That means the Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what Plaintiff claims is more likely true than not.  To put it differently, if you were to put the Plaintiff's and the Defendant's evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip somewhat on his side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendant.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of Plaintiff's claims by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

10

## STATEMENT OF CLAIM

Plaintiff John Lamar ~~Jones~~ Barnes, an inmate at the Southern Ohio Correctional Facility, alleges that on September 5, 2001, Defendant Matthew Thomas, a corrections officer at the Southern Ohio Correctional Facility, violated Plaintiff's right to be free from cruel and unusual punishment when he used excessive force against him.  Mr. Thomas denies he used any force.

11

## EIGHTH AMENDMENT EXCESSIVE FORCE

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  In order to prove a violation under the Eighth Amendment, the Plaintiff must show that the Defendant unnecessarily and wantonly inflicted pain on him.  Whether a use of force against a prison inmate is unnecessary and wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment in this case, Plaintiff must prove each of the following two elements by a preponderance of the evidence:

First, that the Defendant used force against the Plaintiff maliciously and sadistically, for the very purpose of causing Plaintiff harm; and second, that Plaintiff suffered some harm as a result of Defendant's use of force.

If the Plaintiff fails to prove either of these elements, you must find for the Defendant.  The first element is to be evaluated by a subjective analysis of the Defendant and his state of mind at the time.  To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent.  In deciding whether this element has been proved, I remind you that

12

you must give prison officials wide deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether the Defendant unnecessarily and wantonly inflicted pain on the Plaintiff includes:

(1) the extent of the injury suffered,

(2) the need for the application of force,

(3) the relationship between the need and the amount of force used,

(4) the threat reasonably perceived by the Defendant, and

(5) any efforts made to temper the severity of a forceful response.

13

## **PROXIMATE CAUSE**

Plaintiff, who seeks to recover for damages sustained, must prove that those damages were proximately caused by the Defendant's violation of the law. Proximate cause is an act or failure to act which in the natural and continuous sequence directly produces the injury, and without which it would not have occurred. Cause occurs when the injury is the natural and foreseeable result of the act or failure to act.

14

## COMPENSATORY DAMAGES

If you find for the Plaintiff, you must determine from the preponderance of the evidence an amount of money that will reasonably compensate the Plaintiff for the actual injury proximately caused by the Defendant's violation of the law.

In determining this amount, you will consider the nature and extent of the injury; the effect upon physical health; the pain that was experienced; and the ability or inability to perform usual activities.    From these you will determine what amount of money will compensate the Plaintiff for his injuries to date.

The damages that you award must be fair compensation, no more and no less.

In addition, you may consider other "compensatory damages," an amount to compensate Plaintiff for any pain, suffering, or mental anguish that Plaintiff experienced as a consequence of Defendant's allegedly unlawful act.    You should assess as compensatory damages the amount of money you find justified by a preponderance of the evidence as full and just compensation.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into

15

evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require the Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

16

## PUNITIVE DAMAGES

Punitive Damages may be awarded for some acts.  Unlike compensatory damages, which are intended to make a party whole, punitive damages are intended to punish a wrongdoer and to discourage others from committing similar acts.

For the Plaintiff to recover punitive damages, he must show by the preponderance of the evidence, egregious conduct by the Defendant or willfulness or malice.

Actual malice may take either the form of Defendant's express ill will, hatred or spirit of revenge, or the form of reckless, willful, or wanton behavior which can be inferred from the surrounding circumstances.

The malice must have existed at the time of the acts in question but its existence may be inferred from conduct and surrounding circumstances.

Whether or not to make any award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury, but you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for actual or compensatory damages.  And you should also bear in mind, not only

17

the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

## DAMAGES -- NO IMPLICATION

The mere fact that I have given you instructions on the law of damages and on other matters does not in any way imply or suggest that I believe damages are due in this case. Whether or not the Plaintiff is entitled to recover and whether or not any damages are due is for you and you alone to decide.

19

## DUTY TO DELIBERATE

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous. It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

20

## VERDICT FORMS

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

Each of you has a copy of the instructions I am now reading and attached to these instructions is a set of verdict forms. These will accompany you to the jury room.

The verdict forms contain a series of questions called "interrogatories." You must answer them in writing, starting with the first question. All jurors must agree to the answer to each question before moving on. Thus, you must be unanimous as to the answer of each question.

After you have reached agreement, the jury foreperson should complete, sign and date the verdict form. After the foreperson signs, each juror must also sign the verdict form. To avoid confusion, you are instructed to fill in, date and sign the copy of the verdict form contained in the black notebook that I will give you when you leave to deliberate, rather than the verdict forms appearing in your individual copies.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question

21

to writing signed by the foreperson, and pass the note to the courtroom deputy who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

## INTERROGATORIES TO THE JURY

1. Did Plaintiff John Lamar Barnes prove by a preponderance of the evidence that Defendant Matthew Thomas, in the performance of his duties, used excessive force upon Plaintiff in violation of Plaintiff's constitutional right to be free from cruel and unusual punishment as defined in these instructions?

    _____YES     _____NO

2. If YES, did Plaintiff Barnes prove by a preponderance of the evidence that Defendant's actions caused harm to Plaintiff?

    _____YES          _____NO 

3. If you answered YES to Question 2, what if any, compensatory damages did Plaintiff suffer?

    $_____

4. If you answered YES in Question 1 and awarded damages in Question 3 what punitive damages, if any, are warranted?

    $_____

## JURORS' SIGNATURES

s/Juror Number 7 _____        s/Juror Number 1 _____

       (Foreperson)


s/Juror Number 3 _____        s/Juror Number 6 _____


s/Juror Number 5 _____        s/Juror Number 8 _____


s/Juror Number 2 _____        _____


s/Juror Number 4 _____        _____


**Date**: _____ May 27, 2005 _____